JOHNSON BOTTINI, LLP
FRANK J. JOHNSON, Cal. Bar. No. 174882
FRANCIS A. BOTTINI, JR. Cal. Bar No. 175783
DEREK J. WILSON, Cal. Bar No. 250309
501 W. Broadway, Suite 1720
San Diego, California 92101
Telephone: 619-230-0063
Facsimile: 619-238-0622

Attorneys for Plaintiff Erik Semelis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAIN BILODEAU, Derivatively On Behalf of Immersion Corporation. | No. 5:09-cv-04291-MMC |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS AND APPOINTING CO-LEAD COUNSEL |
| vs. | |
| VICTOR A. VIEGAS, CLENT RICHARDSON, and STEPHEN AMBLER, | |
| Defendants, | |
| -and- | |
| IMMERSION CORPORATION | |
| Nominal Defendant. | |
| ERIK SEMELIS, Derivatively On Behalf of Immersion Corporation. | No. 5:09-cv-04599-MMC |
| Plaintiff, | |
| vs. | |
| CLENT RICHARDSON, ANNE DEGHEEST, JOHN HODGMAN, EMILY LIGGETT, JACK SALTICH, ROBERT VAN NAARDEN, VICTOR VIEGAS, and DOES 1-25, inclusive, | |
| Defendants, | |
| -and- | |
| IMMERSION CORPORATION, a Delaware Corporation, | |
| Nominal Defendant. | |

STIPULATION AND [PROPOSED] ORDER
CONSOLIDATING ACTIONS AND
APPOINTING CO-LEAD COUNSEL

CASE NOS: 5:09-CV-04291-MMC
5:09-CV-04599-MMC
5:09-CV-05137-SBA

| | | |
|---|---|---|
| 1 | NANCY MELLO, Derivatively On Behalf of Immersion Corporation. | ) No. 4:09-cv-05137-SBA |
| 2 | | ) |
| 3 | Plaintiff,<br>vs. | ) |
| 4 | CLENT RICHARDSON, STEPHEN M. AMBLER, VICTOR VIEGAS, JACK SALTICH, JOHN HODGMAN, ANNE McGHEEST, VAN NAARDEN, and EMILY LIGGETT, | ) |
| 7 | Defendants, | ) |
| 8 | -and- | ) |
| 9 | IMMERSION CORPORATION, a Delaware Corporation, | ) |
| 10 | Nominal Defendant. | ) |

1   WHEREAS, the three above-captioned actions are alleged to be shareholder derivative
2   actions seeking to bring claims on behalf of Immersion Corporation ("Immersion") against
3   certain officers and directors (collectively, the "Derivative Actions");

4   WHEREAS, on November 6, 2009, each of the plaintiffs in the Derivative Actions filed
5   motions for consolidation and the appointment of a leadership structure;

6   WHEREAS, Green Welling, P.C. and Sarraf Gentile LLP (as counsel for plaintiff Alain
7   Bilodeau), Johnson Bottini, LLP (as counsel for plaintiff Erik Semelis), and Harwood Feffer LLP
8   and Bramson, Plutzik, Mahler & Birkhaeuser (as counsel for plaintiff Nancy Mello) have met and
9   conferred in good faith and, in the interest of judicial economy and preserving the parties'
10  resources, have agreed upon a lead counsel structure as to which defendants take no position;

11  WHEREAS, on October 19, 2009, the Court entered an Order relating the *Bilodeau v.*
12  *Viegas* ("*Bilodeau*") and *Semelis v. Richardson* ("*Semelis*") actions;

13  WHEREAS, the parties in the Derivative Actions believe that the *Mello v. Richardson*
14  ("*Mello*") action is also a "related case" as defined in Northern District of California Local Rule
15  ("Local Rule") 3-12(a), and plaintiff in *Mello* has filed an administrative motion to relate and for
16  reassignment, which motion is currently pending before this Court;

17  WHEREAS, the October 19, 2009 Order relating *Bilodeau* and *Semelis* also related those
18  actions to several other actions alleged to be class actions asserting violations of the federal
19  securities laws, including the first-filed action, *Hodges v. Immersion Corporation et al.*, Case No.
20  3:09-cv-04073-MMC ("*Hodges*") (collectively, the "Securities Class Actions");

21  WHEREAS, the Securities Class Actions are subject to the requirements of the Private
22  Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995) (the "Reform
23  Act"), which sets forth specialized procedures for the administration of securities class actions,
24  including that the Reform Act provides for the appointment of a lead plaintiff to act on behalf of
25  the purported class, and further provides that the appointment of lead plaintiff shall not be made
26  until after a decision on a motion to consolidate is rendered (15 U.S.C. 77z-1(a)(3)(B)(ii));

27  WHEREAS, two motions to consolidate and for appointment of a lead plaintiff and lead
28  counsel have been filed in the Securities Class Actions, and after the Court rules on these

STIPULATION AND [PROPOSED] ORDER
CONSOLIDATING ACTIONS AND
APPOINTING CO-LEAD COUNSEL

3

CASE NOS: 5:09-CV-04291-MMC
5:09-CV-04599-MMC
5:09-CV-05137-SBA

1  motions, a single consolidated securities class action complaint will be filed; and

2    WHEREAS, the parties to the Derivative Actions believe that the three derivative actions
3  should be consolidated pursuant to Federal Rule of Civil Procedure 42, and that it would be
4  duplicative and wasteful of the Court's resources for defendants to have to respond to the
5  individual derivative complaints before such consolidation.

6    IT IS THEREFORE STIPULATED, by and between the parties to the Derivative Actions
7  and their undersigned counsel, as follows:

8    1. The Stipulation And [Proposed] Order Consolidating Actions And Appointing Co-
9  Lead Counsel submitted in the *Bilodeau* and *Semelis* actions on October 7, 2009, is withdrawn;

10   2. The two motions pending in the Derivative Actions for consolidation and
11 appointment of a leadership structure, filed on November 6, 2009, are withdrawn as moot; and

12   3. Pursuant to Federal Rule of Civil Procedure 42, the following actions shall be
13 consolidated for all purposes, including pre-trial proceedings and trial:

| Case Name | Case No. | Filing Date |
|---|---|---|
| *Alain Bilodeau v. Victor A. Viegas, et al.* | 5:09-cv-04291-MMC | September 15, 2009 |
| *Erik Semelis v. Clent Richardson, et al.* | 5:09-cv-04599-MMC | September 29, 2009 |
| *Nancy Mello v. Clent Richardson, et al.* | 4:09-cv-05137-SBA | October 29, 2009 |

20   4. Every pleading filed in these consolidated actions, or in any separate action
21 included herein, shall bear the following caption:

STIPULATION AND [PROPOSED] ORDER
CONSOLIDATING ACTIONS AND
APPOINTING CO-LEAD COUNSEL

4

CASE NOS: 5:09-CV-04291-MMC
5:09-CV-04599-MMC
5:09-CV-05137-SBA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE IMMERSION CORPORATION DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | ) Lead Case No. 5:09-cv-04291-MMC<br>)<br>) (Derivative Action)<br>)<br>)<br>)<br>)<br>)<br>) |

5. Files of these consolidated actions will be maintained in one file under Lead Case No. 5:09-cv-04291-MMC.

6. In the event these consolidated actions are transferred to another judge in this Court pursuant to Local Rule 3-12, the parties will request such judge to amend the above-referenced caption and file designation as appropriate.

7. Co-Lead Counsel for plaintiffs for the conduct of these consolidated actions is as follows:

> JOHNSON BOTTINI, LLP
> FRANK J. JOHNSON
> FRANCIS A. BOTTINI, JR.
> 501 W. Broadway, Suite 1720
> San Diego, CA 92101
> Telephone: 619-230-0063
> Facsimile: 619-238-0622
>
> HARWOOD FEFFER LLP
> ROBERT I. HARWOOD
> JAMES G. FLYNN
> 488 Madison Avenue, 8th Floor
> New York, NY 10022
> Telephone: 212-935-7400
> Facsimile: 212-753-3630

8. Plaintiffs' Co-Lead Counsel have authority to speak for plaintiffs in matters regarding pre-trial procedure, trial and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

9. Plaintiffs' Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through plaintiffs' Co-Lead Counsel.

10. Bramson, Plutzik, Mahler & Birkhaeuser will act as plaintiffs' Liaison Counsel for these consolidated actions. Plaintiffs' Liaison Counsel will be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Plaintiffs' Liaison Counsel will be responsible for creating and maintaining a master service list of all parties and their respective counsel.

11. Defendants' counsel may rely upon all agreements made with any of plaintiffs' Co-Lead Counsel, or other duly authorized representative of plaintiffs' Co-Lead Counsel, and such agreements will be binding on plaintiffs.

12. Upon entry, this Order will apply to each case arising out of the same or substantially the same transactions or events as the Derivative Actions that is subsequently filed in, removed to or transferred to this Court.

13. When an action which properly belongs as part of the *In re Immersion Corporation Derivative Litigation*, Lead Case No. 5:09-cv-04291-MMC, is hereafter filed in this Court or transferred here from another court, counsel will call to the attention of the clerk of the Court the filing or transfer of any case that might properly be consolidated as part of the *In re Immersion Corporation Derivative Litigation*, Lead Case No. 5:09-cv-04291-MMC, and counsel will assist in assuring that counsel in subsequent actions receive notice of this Order.

14. Pursuant to Local Rule 6-1(a), and to facilitate coordination with the Securities Class Actions, the time for each defendant in the Derivative Actions to answer, move or otherwise respond to the individual derivative complaints is extended until following the appointment of a Lead Plaintiff and Lead Plaintiff's Counsel in the Securities Class Actions, at which time counsel for defendants and plaintiffs' Liaison Counsel in these consolidated derivative actions shall meet and confer and submit a mutually agreeable schedule for the filing of a consolidated derivative complaint (or designation of an operative complaint), if necessary, as

STIPULATION AND [PROPOSED] ORDER
CONSOLIDATING ACTIONS AND
APPOINTING CO-LEAD COUNSEL

6

CASE NOS: 5:09-CV-04291-MMC
5:09-CV-04599-MMC
5:09-CV-05137-SBA

well as for the briefing and hearing of responses thereto. The consolidated or operative complaint shall supersede all complaints filed in any action that is consolidated herein.

DATED: November 12, 2009

                                               */s/ Frank J. Johnson*
                                               FRANK J. JOHNSON

JOHNSON BOTTINI, LLP
FRANK J. JOHNSON
FRANCIS A. BOTTINI, JR.
DEREK J. WILSON
501 W. Broadway, Suite 1720
San Diego, California 92101
Telephone: 619-230-0063
Facsimile: 619-238-0622

Attorneys for Plaintiff Erik Semelis

DATED: November 12, 2009

                                               */s/ RONEN SARRAF*
                                               RONEN SARRAF

SARRAF GENTILE LLP
RONEN SARRAF
JOSEPH GENTILE
116 John Street, Suite 2310
New York, NY 10038
Telephone: 212-868-3610
Facsimile: 212-918-7967

Attorneys for Plaintiff Alain Bilodeau

DATED: November 12, 2009

                                             */s/ ROBERT I. HARWOOD*
                                               ROBERT I. HARWOOD

HARWOOD FEFFER LLP
ROBERT I. HARWOOD
JAMES G. FLYNN
488 Madison Avenue, 8th Floor
New York, NY 10022
Telephone: 212-935-7400
Facsimile: 212-753-3630

Attorneys for Plaintiff Nancy Mello

DATED: November 12, 2009

                                             */s/ Jay Pomerantz*
                                               JAY POMERANTZ

FENWICK & WEST LLP
JAY POMERANTZ
801 California St.
Mountain View, CA 94041

1 | Telephone: 650-335-7697
2 | Facsimile: 650-938-5200

Attorneys for Defendants

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: November 17, 2009

*/s/ Maxine M. Chesney*
Hon. Maxine M. Chesney
United States District Court Judge

STIPULATION AND [PROPOSED] ORDER
CONSOLIDATING ACTIONS AND
APPOINTING CO-LEAD COUNSEL

8

CASE NOS: 5:09-CV-04291-MMC
5:09-CV-04599-MMC
5:09-CV-05137-SBA